IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Kathleen Sue Bonee**                                                                       Plaintiff

v.                             No. 4:13–CV–407-JLH–HDY

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                          Defendant

Instructions for Recommended Disposition

The following recommended disposition will be sent to U.S. District Judge J. Leon Holmes. A party to this dispute may file and serve written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] Failing to object within 14 days may waive the right to appeal questions of fact.[2] An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

of any testimony and/or documents to be proffered at a hearing. Based on this submission, the district judge will determine the need for a hearing.

### Recommended Disposition

Kathleen Sue Bonee seeks judicial review of the denial of her last application for disability insurance benefits and supplemental security income.[3] Bonee last worked as a health care aide.[4] She maintains she stopped working in June 2009 due to asthma, degenerative disc disease, paralysis in left leg, and a painful left knee.[5] Her claim is based on these conditions. Because Bonee's prior application was denied on August 13, 2009,[6] this case considers whether she was disabled beginning August 14, 2009.[7]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Bonee has severe impairments — asthma,

---

[3]SSA record at pp. 132 & 140. Bonee first applied for disability benefits in 2005. *Id*. at p. 42.

[4]*Id*. at pp. 172-73 & 180.

[5]*Id*. at pp. 162 & 186. Bonee initially based disability, in part, on possible diabetes, *id*. at p. 162, but later testified that testing ruled out diabetes, *id*. at p. 36.

[6]*Id*. at pp. 31 & 157.

[7]*Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

congestive heart failure, degenerative disc disease, degenerative joint disease, and obesity[8] — but she can do some sedentary work.[9] Because a vocational expert identified available work for a person with Bonee's limitations,[10] the ALJ determined Bonee is not disabled and denied the application.[11]

After the Commissioner's Appeals Council denied a request for review,[12] the ALJ's decision became a final decision for judicial review.[13] Bonee filed this case to challenge the ALJ's decision.[14] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15] This recommendation explains why substantial evidence supports the

---

[8]SSA record at p. 11.

[9]*Id*. at p. 12.

[10]*Id*. at p. 70.

[11]*Id*. at p. 18.

[12]*Id*. at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant

decision and why the ALJ made no legal error.

**Bonee's allegations**. Bonee challenges the ALJ's evaluation of her credibility. She contends the ALJ did not adequately discuss her pain or medication side effects. She complains about the ALJ's treatment of her treating physician assistant's letter. She claims pulmonary irritants and medication side effects prevent her from doing the jobs the vocational expert identified. For these reasons, she maintains substantial evidence does not support the ALJ's decision.[16]

For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Bonee can do some sedentary work.[17] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[18] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers,

---

disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]Docket entry # 15.

[17]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[18]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

and small tools."[19] In this case, the ALJ reduced sedentary work by: (1) no significant crouching, stooping, or bending; (2) no extreme heat or cold; and (3) no concentrated exposure to dust, fumes, odors, smoke or other respiratory irritants.[20] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Bonee can work within these parameters.

The medical evidence substantiates the medical conditions underlying Bonee's claims — asthma, degenerative disc disease, some paralysis in left leg, and a painful left knee — but not the alleged degree of severity. Although Bonee has some severe impairments, a reasonable mind would accept the evidence as adequate to show Bonee over-stated her pain, and that she can work within the ALJ's parameters.

<u>Evidence about degenerative changes and left-leg paralysis</u>.  Diagnostic imaging shows the presence of degenerative changes in the lumbar spine[21] and the left knee,[22] but the imaging shows nothing preventing all work. Degenerative changes are part of the aging process, "affect[ing] everyone to some degree, often

---

[19] 20 C.F.R. §§ 404.1567(a) & 416.967(a).

[20] SSA record at p. 12.

[21] *Id*. at p. 294 (degenerative changes in lumbar spine, most pronounced at L4/5 and L5/S1; broad based disc protrusion at ; mild to moderate left and mild right-sided neural foramina narrowing).

[22] *Id*. at p. 290 (lateral compartment narrowing; large supra patellar joint effusion). *See also id*. at p. 284 (mild osteoarthritic changes in right knee).

without causing any bothersome symptoms."[23]  Bonee has a bothersome problem. She has some weakness in the left leg,[24] periodically making it difficult to lift her left leg to walk.  She sometimes walks with a left-sided limp.[25]

A nerve conduction study indicates that a compressed spinal nerve is causing radiculopathy;[26] that is, the compression is causing pain to radiate from the back down the back of the leg.  When this happens, a person's leg pain is often worse than her back pain.  The nerve conduction study "fits her clinical picture in that she does not really have any back pain,"[27] but she has some left leg weakness.

According to Bonee's orthopaedic surgeon, Bonee will not regain function in the left leg without decompression surgery, so he referred Bonee to a neurosurgeon.[28] The orthopaedic surgeon's treatment notes and the referral for surgical consultation indicates the left-leg weakness can be controlled with treatment.  "An impairment

---

[23]Greg Annussek, 2 The Gale Encyclopedia of Med. 921 (4th ed.).

[24]SSA record at p. 343.

[25]*Id*. at p. 364 (agency post-hearing orthopaedic examination).

[26]*Id*. at p. 323.

[27]*Id*. at p. 297 (orthopaedic surgeon's comment following examination for complaint of left foot weakness).

[28]*Id*. at p. 321.

which can be controlled by treatment … is not considered disabling."[29]

Bonee rejected surgery. She never even conferred with the neurosurgeon.[30] When asked why she didn't pursue surgery, she said she is afraid of back surgery.[31] Fearing surgery is a reasonable response to a recommendation for surgery, but it is not a basis for obtaining disability benefits. A claimant is required to comply with prescribed treatment to obtain disability benefits.[32]

Even untreated, the left-leg weakness does not preclude sedentary work because sedentary work involves mostly sitting; walking and standing are required no more than occasionally.[33] For the same reason, Bonee's sometimes painful left knee does not prevent sedentary work. Bonee might benefit from a knee replacement, but she has not lost sufficient weight for her surgeon to proceed with

---

[29]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[30]*Id*. at p. 343 (she failed to show up for her appointment; "We recommend that she chooses to show up to the next appointment.").

[31]*Id*. at p. 50.

[32]*Tome v. Schweiker*, 724 F.2d 711, 713-14 (8th Cir. 1984) ("claimant who fails to treat a remediable condition without good reason is barred from entitlement to benefits"). *See Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility.").

[33]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

surgery.[34]

To the extent degenerative changes cause some back pain, the limitation on crouching, stooping, or bending responds to that symptom. A reasonable mind would accept the evidence about degenerative changes as adequate to show Bonee over-stated her pain and to show she can do sedentary work.

<u>Asthma</u>.  Bonee has had asthma for many years.[35] Asthma can cause the airways to periodically spasm and swell so that the airways narrow, causing a person to wheeze or gasp for air.[36] Smoking "can irritate the airways and trigger an asthmatic attack,"[37] but Bonee continues to smoke against medical advice.[38] Despite smoking, Bonee has a normal air flow into and out of her lungs.[39] A reasonable mind would accept the evidence about asthma as adequate to show Bonee can work within the ALJ's parameters because the ALJ eliminated work environments with respiratory irritants and temperature extremes that could make it hard to breathe.

---

[34]SSA record at pp. 37 & 343.

[35]*Id*. at p. 250 (emergency room diagnosis of acute shortness of breath and asthma).

[36]David A. Cramer & Tish Davidson, 1 The Gale Encyclopedia of Med. 502 (4th ed.)

[37]*Id*. at p. 504.

[38]SSA record at pp. 40 & 362.

[39]*Id*. at p. 360 (spirometry test results in the normal range).

Obesity and congestive heart failure. Shortly before her hearing, Bonee was diagnosed with congestive heart failure (CHF).[40] CHF "is a chronic, progressive condition in which the heart gradually becomes unable to pump enough blood to meet the needs of the body. This can result in failure of other organs and death."[41] Treatment won't cure CHF, "but it can slow its progression, extend life, and … improve symptoms."[42]

Because obesity and smoking are major risks factors for CHF, treatment recommendations include weight reduction and smoking cessation.[43] Despite multiple recommendations for weight reduction and smoking cessation, Bonee continues to smoke; she regained the weight she lost.[44] Despite major risk factors, Bonee's coronary arteries are unobstructed.[45]

---

[40] *Id*. at p. 395.

[41] Tish Davidson & Laura Jean Cataldo, 2 The Gale Encyclopedia of Med. 1142 (4th ed.).

[42] *Id*. at p. 1144.

[43] *Id*. at p. 1143.

[44] SSA record at p. 267 (331 pounds on July 15, 2009); p. 299 (337 pounds on Dec. 10, 2009); p. 346 (287 pounds on Aug. 10, 2010); p. 360 (280 pounds on Nov. 12, 2010; p. 392 (301 pounds on Oct. 26, 2011).

[45] *Id*. at p. 389 (catheterization result: "No evidence of obstructive epicardial coronary disease.").

The ALJ left the record open for evidence about congestive heart failure,[46] but Bonee presented no additional evidence.[47]  As a result, the evidence about CHF consists of a diagnosis.  A diagnosis does not establish disabling functional impairment.[48]  The evidence shows no serious functional limitation flowing from CHF.

To the extent, Bonee is limited by CHF, the reduction to sedentary work responded to that limitation.  The reduction also responded to limitation caused by Bonee's weight.  Bonee has no problems with fingering, handling, reaching, seeing, or hearing that might interfere with sedentary work.[49]  A reasonable mind would accept the evidence as adequate to show Bonee can do sedentary work, despite her weight and CHF, because nothing shows she cannot 10 pounds or occasionally lift or carry articles like docket files, ledgers, and small tools.

<u>Opinion evidence</u>.  Agency medical experts reviewed the record evidence and

---

[46]*Id*. at p. 29.

[47]*Id*. at pp. 221-23.

[48]*Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004); *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 731 (8th Cir. 2003).

[49]SSA record at p. 269 (can hold a pen and write, touch fingertips to palm, and oppose thumb to fingers, p. 363 (fine motor skills in both hands; normal muscle bulk and tone in arms).

determined Bonee can do the full range of sedentary work.[50] The ALJ reduced the full range by postural limitations to accommodate complaints of back pain, and by environmental constraints to avoid breathing problems  A reasonable mind would accept the agency opinion evidence as adequate to support the determination that Bonee can work within the defined parameters.

Bonee relies on a letter written by her treating physician assistant as opinion evidence supporting her claim.[51]  Although she maintains the ALJ should have given the letter controlling weight, a physician assistant isn't an acceptable medical source for establishing a medically determinable impairment.[52]  Even if a physician assistant was an acceptable medical source, the letter does not further Bonee's claim, because the letter documents Bonee's subjective complaints.  The physician assistant refers to Bonee's assessment of her ability to work.[53]  Treatment notes do not substantiate that assessment.

<u>Vocational evidence</u>.  After determining Bonee's ability to work, the ALJ asked

---

[50]*Id*. at pp. 326 & 365.

[51]*Id*. at p. 370.

[52]*See* 20 C.F.R. §§ 404.1513 & 416.913.

[53]SSA record at p. 370 ("Ms. Bonee feels she cannot work at this point due to the health conditions mentioned above.  She is morbidly obese with arthritis and foraminal narrowing of lumbar spine which may not allow her to sit or stand for long periods of time or lift objects.  Due to these statements, Ms. Bonee states she cannot work.").

a vocational expert about available work for a person with Bonee's limitations.[54] The vocational expert identified representative sedentary work.[55] The vocational expert's answers show work exists that Bonee can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[56] Because such work exists, Bonee is not disabled under social security disability law.

Bonee claims she can't do the jobs the vocational expert identified, but there's nothing showing she cannot do those jobs. The identified assembly jobs are sedentary work without respiratory irritants. There is no documentation of medication side effects or complications from CHF that might interfere with driving. A reasonable mind would accept the vocational evidence as adequate to show Bonee can work within the ALJ's parameters.

**Conclusion and recommendation**. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Bonee's request for relief (docket entry #2)

---

[54]*Id*. at p. 69.

[55]*Id*. at p. 70 (identifying production assemblers like lamp shade assembler, watch crystal attacher and ampule sealer, and escort vehicle driver, as representative jobs).

[56]42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).

and AFFIRMING the Commissioner's decision.

It is so ordered this _23__ day of April, 2014.

_____
United States Magistrate Judge